UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EVAN McCALLUM EDWARDSEN,

                              Plaintiff,

                                                                     5:17-CV-00202
v.                                                                (LEK/TWD)

JUDGE ALOI,

                              Defendant.
_____

APPEARANCES:

EVAN McCALLUM EDWARDSEN
Plaintiff pro se
537 Hickok Avenue
Syracuse, New York 13206

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for initial review the complaint in this pro se 42 U.S.C. § 1983 civil rights action brought by Plaintiff Evan McCallum Edwardsen against Defendant Judge Aloi. (Dkt. No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP Application") (Dkt. No. 2.)

**I.    IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application (Dkt. No. 2), the Court finds that he meets the standard and his IPF Application is granted.

**II.     LEGAL STANDARDS FOR INITIAL REVIEW**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds pro se, the pleadings must be read liberally and construed to raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A pro se complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

Plaintiff claims that he was convicted without the right to trial and therefore denied his right to face his accusers.  (Dkt. No. 1 at 2, 5.)   Plaintiff has alleged that he was injured by

retired Judge Aloi's personal bias against him.[1]  *Id*. at 5.  According to Plaintiff, throughout the proceedings, Judge Aloi trusted the inaccurate information given him by abusive groups and considered what they said to be true.  *Id*.  Plaintiff knew he had no chance of an impartial judge and would lose his case because of that.  *Id*.  Plaintiff has alleged that through his lawyer, Judge Aloi stated that if Plaintiff took back his plea of insanity, he would have to plead guilty.  *Id*.  Plaintiff agreed and signed a no appeal paper at Judge Aloi's request.  *Id*.  According to Plaintiff, he even stated "he did not throw the fake grenade out the window but dropped it after being told to throw it."  *Id*.  Plaintiff contends that Judge Aloi trusted the evidence from abusive groups without a trial whereas without a trial Plaintiff's information was considered false."  *Id*.  Plaintiff is seeking compensatory damages in the amount of $1,000.

## IV.    ANALYSIS

Plaintiff has not included identifying information on Judge Aloi in his complaint.  However, based upon the information provided in the DOCCS inmate lookup site, *see* footnote 1, *supra*., which reveals that Plaintiff was convicted in Onondaga County in 2012 of placing a false bomb, and the references in Plaintiff's complaint to a fake hand grenade and to Judge Aloi being retired (Dkt. No. 1 at 1, 5), the Court takes judicial notice that Plaintiff intends to bring this action against recently retired Onondaga County Court Judge, the Hon. Anthony F. Aloi.

Under well-settled precedent, Judges have absolute immunity for their judicial acts

---

[1] Plaintiff has not alleged the dates upon which the acts alleged in the complaint occurred.  According to the Department of Corrections and Community Supervision ("DOCCS") inmate lookup, Plaintiff was convicted of placing a false bomb, a class E felony and received into the DOCCS system on August 31, 2012.  Plaintiff is listed as having been conditionally released to parole on January 15, 2015, and subject to post release supervision until January 15, 2018.  *See* http://nysdoccslookup.doccs.ny.gov/ GCA00P00/ WIQ3/WINQ130 (last visited on March 3, 2017).

performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (internal quotation marks omitted). The immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of jurisdiction." *Id.* at 111-12.

The Court finds that Judge Aloi is entitled to absolute judicial immunity with regard to the claims in Plaintiff's complaint. Accordingly, the Court recommends that Plaintiff's complaint be dismissed upon initial review. Inasmuch as it appears from the allegations in the complaint that judicial immunity cannot be overcome by a better pleading, the Court further recommends that the dismissal of Plaintiff's complaint be with prejudice. *See Cuoco,* 222 F.3d at 112.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that the complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE ON ABSOLUTE JUDICIAL IMMUNITY GROUNDS**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the

---

[2] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   March 3, 2017
        Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).